### LOVELL v. DICK et al.

#### No. 1931.

Court of Appeal of Louisiana. First Circuit.

Jan. 11, 1939.

Harris Gagne, of Houma, for appellants.

Howell & Deramee, of Thibodaux, for appellee.

DORE, Judge.

This is a suit for a partition of a tract of land designated as Lots 89 and 90 of the

Hedgeford Plantation, in Terrebonne Parish, located on the right bank of Bayou Blue, and having a front of two arpents on the said bayou and a depth of six arpents, excepting two lots each of 123 feet front by a depth of 274 feet.

The plaintiff and the three defendants own an undivided one-fourth each in the property. The only controversy below was as to how the partition should be effected, the plaintiff contending that it should be made by licitation, while the defendants contending that it should be made in kind. There was judgment in favor of plaintiff; two of the defendants have appealed.

Three witnesses, including the plaintiff, testified that the land could not be divided in kind between the four co-owners without loss and diminution in value, while no witness testified that it could be conveniently divided in kind. In fact, there seems to be no serious claim made by the defendants that this tract can be divided in kind.

The land is cultivated with the exception of the rear part which appears to be swamp or woodland. There are no houses on the land. A public road runs along the bayou in front, and there are no roads giving access to the rear part of the tract. The two excepted lots front on the road, one on the upper and the other on the lower side, leaving about 128 feet in the center of the tract fronting on the road. So, if the tract were divided into four parts, each parcel would have a frontage on the road of only 32 feet. The rear part would be inaccessible without a frontage on the road. Obviously, this tract cannot well be divided among the co-owners, and it must be sold to effect a partition by licitation.

The only point urged by defendants in this court is that the answer of the curator for an absent defendant was not filed until after the case was fixed for trial. The case was tried on June 16, 1938, and from a certificate of the Clerk of Court it appears that the answer of the curator was filed at nine o'clock on the morning of that day. As the curator was present and represented the absentee at the trial, we must assume that the answer was filed before the trial began. The case was at issue, and we cannot see how the resident defendants could be prejudiced by the trial of the case on the same day in which the curator filed an answer for the absent defendant.

The judgment, being correct, it is affirmed.